**Debra SCORAN, Plaintiff–Appellant,**

v.

**CHEMICAL BANK, Defendant–Appellee.**

**No. 1317, Docket 90–7085.**

United States Court of Appeals, Second Circuit.

Argued June 5, 1990.

Decided June 19, 1990.

**690**

Joanne S. Faulkner, New Haven, Conn., for plaintiff-appellant.

Patricia J–Leary Campanella, G. Eric Brunstad, Hartford, Conn. (Robinson & Cole, Kathleen C. Stone, of counsel), for defendant-appellee.

Before FEINBERG, NEWMAN and CARDAMONE, Circuit Judges.

PER CURIAM:

Plaintiff Debra Scoran appeals from a judgment of the United States District Court for the District of Connecticut, Peter C. Dorsey, J., granting summary judgment for defendant-appellee Chemical Bank (Chemical). This appeal involves the Truth In Lending Act, as amended, (the Act), 15 U.S.C. § 1601 et seq., and Regulation Z promulgated by the Federal Reserve Board pursuant to the Act (Regulation Z), 12 C.F.R. Part 226, § 226.1 et seq. Consistent with the Act's purpose of, among other things, assuring "a meaningful disclosure of credit terms," 15 U.S.C. § 1601(a), the Act requires disclosure of various types of information to a consumer in a credit transaction, such as the "finance charge." Id. § 1632(a). However, the Act and Regulation Z permit certain fees, including fees paid to public officials for perfecting security interests, to be excluded from the finance charge if they are otherwise "itemized and disclosed in accordance with the regulations" of the Federal Reserve Board. Id. § 1605(d); 12 C.F.R. § 226.4(e). The issue in this case is whether there was sufficient itemization and disclosure of a $3 lien fee, i.e., the sum charged by Connecticut for recording a lien on the certificate of title of a motor vehicle.

The background can be summarized briefly. In September 1988, plaintiff bought a used car from Statewide Motors, Inc., and signed a retail installment contract (the contract) with Statewide to finance part of the purchase price. According to the contract, the cash price of the automobile was $9,564.13, the amount financed was $6,594.21 and the finance charge was $2,482.41. The $3 lien fee was included as part of the amount financed, but was also included as part of the cash price and not as part of the finance charge. Although the lien fee was not itemized in the contract, it was itemized, as one of several listed fees connected with the transaction, in the retail purchase order and the vehicle invoice. The contract was assigned to appellee Chemical.

In August 1989, plaintiff sued Chemical in the district court in a putative class action claiming, among other things, violation of the Act and Regulation Z. Thereafter, both parties moved for summary judgment. Plaintiff argued that the $3 lien fee should have been included in the contract as part of the finance charge, since it was not otherwise properly itemized and disclosed. In an opinion dated December 1, 1989, Judge Dorsey denied plaintiff's motion and granted summary judgment to Chemical, ruling that the disclosure of the lien fee was sufficient as a matter of law. The judge stated that nothing in the Act "requires all disclosures to be made in a single document," and pointed out that Regulation Z specifically allows certain items to be separately disclosed. See 12 C.F.R. § 226.17(a) n. 38 (the "following disclosures may be made together or separately from other required disclosures: ... certain security interest charges"); see also 12 C.F.R. Part 226, Supp. I, ¶ 17(a)(1), Comment 2 (official staff interpretation of § 226.17(a); disclosures may appear on a separate sheet of paper). The judge reaffirmed the ruling in a brief opinion dated

January 12, 1990, denying plaintiff's motion for reconsideration.

We agree with the result reached by the district court. The Act is designed to inform consumers so that they are aware of the cost of financing. The judge correctly held that under the Act and governing regulations, the lien fee did not have to be included as a "finance charge." It is sufficiently clear to the consumer that the lien fee is, in fact, part of the cost of credit—i.e., if there were no credit extended, there would be no lien fee. The very designation "lien fee" helps to put the consumer on notice. We therefore agree with the district court that plaintiff "had the information necessary to make an informed use of credit." We note, however, that the section of Regulation Z upon which the district court primarily relied, 12 C.F.R. § 226.17(a) n. 38, is narrow and applies only to enumerated categories of information—e.g., "certain security interest charges." We do not suggest that we would reach the same result were other, more substantial, charges at issue.

The judgment of the district court is affirmed.